UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS GULLI,<br><br>                              Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No. 2:20-cv-01231-ART-NJK<br><br>Order Granting Motion to Dismiss<br><br>(ECF No. 47) |

Before the Court is the Government's renewed motion to dismiss Plaintiff Nicholas Gulli's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court issues this order to supplement and memorialize its ruling from the bench on July 17, 2025.

**I.    Background**

Plaintiff Nicholas Gulli, a former Las Vegas Metropolitan Police Department (LVMPD) Officer, was part of the joint state-federal Southern Nevada Heroin Task Force. (ECF No. 1; ECF No. 47-2 at 3.) During a 2015 "buy bust" operation, Gulli, while undercover, was following a suspect who had just sold heroin to an undercover detective. (ECF No. 47-2 at 4.) A DEA agent rammed into Gulli's unmarked car, injuring him. (*Id.* at 5.) Gulli sued the United States and the DEA agent under the Federal Tort Claims Act (FTCA) several years later, after retiring from LVMPD.

The Government moved to dismiss Gulli's claim for lack of jurisdiction, arguing that Gulli has a colorable Federal Employees' Compensation Act (FECA) claim. (ECF No. 29.) This Court denied the Government's motion without prejudice and stayed the case so that Gulli could apply to the Department of Labor to verify that the injury was covered by FECA. (ECF No. 35.) Gulli applied for FECA in August 2023, but he did not respond to the Department of Labor's

requests for evidence to support his claim. (*See* ECF Nos. 47-5, 47-6.) Gulli's claim was subsequently denied for lack of evidence. (*See* ECF No. 47-6.)

## II.   Standard of Review

In resolving a motion to dismiss under Rule 12(b)(1), the Court "is not restricted to the face of the pleadings" and may rely on extrinsic evidence to resolve factual disputes relevant to subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). A party opposing a factual motion to dismiss for lack of subject matter jurisdiction may then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989)) (internal quotations omitted).

## III.   Analysis

"If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003). FECA applies to state and local law enforcement officers who are injured while apprehending or attempting to apprehend a person who committed or is committing a federal crime. 5 U.S.C. § 8191; *City of Whittier v. U.S. Dep't of Just.*, 598 F.2d 561, 563 (9th Cir. 1979) (FECA "exclusive remedy for injuries suffered by [local officer injured by drug-enforcement federal agent] while participating in federal law enforcement activities"); *Buehler v. United States*, No. C-96-1391-MHP-ENE, 1996 WL 511645 at *3–4 (N.D. Cal. Aug. 8, 1996) (local police officer injured while driving with DEA agent during drug investigation has colorable FECA claim under § 8191 and cannot sue under FTCA); *Aponte v. Dep't of Treasury, Bureau of Alcohol, Tobacco, & Firearms*, 940 F. Supp. 898, 899 (E.D.N.C. 1996) (FECA under § 8191 exclusive remedy for local police officer shot by federal agent while serving as translator for drug bust).

Gulli was injured by a DEA agent while working in the joint state-federal operation to apprehend a heroin seller for selling heroin. He has a colorable FECA claim under 5 U.S.C. § 8191. The Court must therefore dismiss this case for lack of subject matter jurisdiction.

**IV. Conclusion**

Accordingly, the Court grants the Government's Motion to Dismiss (ECF No. 47) and dismisses the case without prejudice and without leave to amend.

The Court instructs the Clerk to close the case.

Dated this 18th day of July 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE